# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-625-DRH |
| ) | |
| ROGER E. WALKER, JR., and ) | |
| UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, currently an inmate in the Dixon Correctional Center, filed a 19-page complaint, accompanied by 200 pages of exhibits.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

---

[1] He later filed a motion (Doc. 16) seeking to add an additional 137 pages of exhibits.

Among other things, Plaintiff alleges that substances have been put into his food that has the effect of mad cow disease, that he has been illegally experimented upon without his consent, and that something similar to radiation was put into his food. He asks the Court to order law enforcement authorities – whether local, state or federal – to

> immediately bring forth criminal charges against prison officials and, persons whom I believe are dressed in correctional officers uniforms and are posing as prison employees and, as well as any one else on the local, state and federal levels of government who either engaged, encouraged, coerced, ordered or planned any and or all of the tormenting of me mentally and physically for more than five years now.

Doc. 1 at 19.

In *Neitzke v. Williams,* 490 U.S. 319 (1989*)*, the Court noted that a district court has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28. Plaintiff's allegations that Defendants are poisoning him and experimenting upon him draw just such a "fantastic or delusional scenario." Furthermore, criminal statutes do not provide for private civil causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   July 25, 2008.**

/s/      DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**